BACH, CORY & COMPANY, LIMITED, RESPONDENT, *v.*
BOSTON AND MONTANA CONSOLIDATED COP-
PER AND SILVER MINING COMPANY,

APPELLANT.

[Submitted July 22, 1895.  Decided July 29, 1895.]

CONTRACTS—*Assignment—Evidence.*—Where the assignee of a contract, who had agreed
to perform all the terms thereof for and in the place of the assignor, brings an action
for its breach and the defendant seeks to recoup for the value of certain property
delivered to plaintiff's assignor and which, under the terms of the contract, it was
plaintiff's duty to return, it was error to exclude an itemized list of such property of-
fered by defendant and accompanied with proof that the goods described in the list
were delivered to the plaintiff's assignor by his predecessor under a similar contract.
SAME—*Liability of Assignee.*—The liability of the assignee of a contract, bound under
the terms of the assignment to perform all the terms of the contract for and in the
place and stead of the assignor, relates back to the date of the contract and is not
limited to the date of the assignment.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for breach of contract.  Judgment was rendered
for the plaintiff below by BENTON, J.  Reversed.

Statement of the case by the court.

Action in contract.  On January 28, 1892, McDonald &
Brand, as a firm, executed a contract with defendant.  By the
terms of the agreement McDonald & Brand were to carry on a
boarding and mess house for the defendant for the period of
one year, or until January 28, 1893.  The defendant furnished
McDonald & Brand certain buildings, and a large amount of
such personal property as would ordinarily be connected with
the business of a boarding or mess house.  It was agreed by
McDonald & Brand, in the contract, that they would keep the
buildings in repair, and replace any breakage, and repair any
damage, that might occur through their neglect, or through
the neglect of any of their employes, during the life of the
agreement, and to replace and repair fixtures that might be
broken.  The defendant was to protect McDonald & Brand in

their board collections, deducting the same from the monthly pay roll of its employes.   Afterwards, on February 26, 1892, McDonald & Brand assigned said contract and agreement to the plaintiff, Bach, Cory & Co.   The defendant assented to the assignment by the following written contract :   '' The Boston & Montana Company, above named, hereby assents to the assignment of the above foregoing contract to Bach, Cory & Co., on condition that said Bach, Cory & Co. hereby agree to faithfully perform all the terms and conditions of said contract for and in the place and stead of McDonald & Brand, and on the further condition that the price of the board of the men boarding at the general boarding house and rooming at the bunk house be reduced to $5.50 per week, and in all other respects the foregoing contract shall be and remain the same.

Witness our hands and seals the 26th day of February, A. D. 1892.

Boston & Montana Con. C. & S. Mg. Co., Per F. Klepetko, Supt.

Bach, Cory & Co.''

Plaintiff pleads performance of the contract in place of McDonald & Brand, but alleges that defendant has not protected it in deducting board collections, as provided, and in other respects has violated the contract.   Judgment is asked for $2,936.93.   Defendant, after denying that it had failed to comply with the conditions of the contract, denied the indebtedness sued for, or that plaintiff had carried out the contract. By way of separate defense, defendant alleges that McDonald & Brand had received certain personal property, dishes, etc., from defendant, under and by virtue of their contract, to enable them to run the boarding and mess house, and that it was the duty of said McDonald & Brand, under said' contract, to return all said goods and chattels so used to defendant, at the end of the time mentioned in the contract; but McDonald & Brand did not return the same, or any part thereof.   That Bach, Cory & Co., under and by virtue of its contract with the defendant company, became, and still is, under obligations to carry out and perform the terms and conditions of said con-

tract made by and between defendant and said McDonald & Brand, but that plaintiff has not performed said contract in the place and stead of McDonald & Brand, as agreed, and plaintiff neglects and refuses to return the goods and chattels described in schedule A, or any part thereof, as was its duty to do. That said goods are worth $418.23, and that defendant is entitled to have said value of said goods set off against the claim and demand of plaintiff. The list appended to the answer is an itemized statement of the articles alleged to be missing. The replication denies that McDonald & Brand received the articles mentioned in the said schedule, or any of them; denies that plaintiff is indebted for such materials in any sum, or that defendant is entitled to have said account set off as a credit on plaintiff's demand, or that plaintiff is entitled to any credit whatever, except as stated in the complaint.

The case was tried to a jury, and verdict rendered for the plaintiff for $458.30. Judgment was entered on the verdict. A motion for a new trial was made, upon the ground of errors of law in the instructions, and exclusion of certain testimony. From the order overruling the motion for new trial, and the judgment, the defendant appeals.

*Cooper & Pigott,* for Appellant.

*Leslie & Downing,* for Respondent.

PER CURIAM.—The case seems to have been tried by counsel on both sides upon the theory that for any goods not returned there was a liability under the contract. This proposition being therefore accepted as correct, it is plain that from and after the date of the execution of the contract, to wit, January 28, 1892, McDonald & Brand assumed such liability, until Bach, Cory & Co., with the consent of the defendant, agreed to faithfully perform all the terms and conditions of said contract, for and in the place and stead of said McDonald & Brand. One of these conditions and requirements was to replace all the goods delivered under the contract to McDonald & Brand, at the time of the execution of the contract, January 28, 1892.

The replication having denied that the goods claimed to have been missing ever went into the possession of McDonald & Brand, the defendant assumed to prove just what property was delivered to McDonald & Brand, under the contract. The defendant offered an itemized list of goods for the purpose of showing that the goods and chattels described therein came into the possession of McDonald & Brand, under the contract. The plaintiff objected to the introduction of this evidence, upon the ground that it was immaterial and irrelevant. Defendant further offered to show that J. H. Brand ran this same boarding house, under a contract like the one sued on, up to January 28, 1892, and that this contract and said Brand were succeeded by the contract of McDonald & Brand, under which Bach, Cory & Co. claim, and that the goods mentioned in Schedule A, attached to defendant's answer, passed from the possession of Brand to McDonald & Brand, and that Bach, Cory & Co. are liable for the return of said goods. The court sustained the objection. Clearly this was error. It was a most essential feature of the case, and the ruling prevented defendant from interposing a main defense. The offer was direct, and made to sustain issues made by the pleadings. Our view of the law applicable to the case is that when Bach, Cory & Co. accepted the assignment of the contract, and entered upon the performance of it, they not only assumed the performance of all acts to be performed by McDonald & Brand, had they remained parties to the contract, but that they expressly agreed to carry out the terms and conditions of the agreement "for and in the place and stead of McDonald & Brand." By this assumption they agreed to replace all property which had been turned over to McDonald & Brand by defendant, and for which McDonald & Brand could have been held liable at the expiration of the life of the contract.

The defendant offered evidence tending to show that Brand had run the mess before, and that he had had possession of these various goods, and had delivered them to his successor. If there were a more expeditious way of arriving at exactly what goods were delivered to McDonald & Brand, or were in

their possession at the date of their contract in January, 1892, we should say that that testimony became immaterial, but as a matter of inducement, and leading up to the material point just mentioned, it was appropriate and ought to have been admitted.

By instruction No. 5 the jury were charged as follows: "The plaintiff, being assignee of the contract of McDonald & Brand, was under the same obligation (after such assignment) that McDonald & Brand were under to carry out and fully perform the terms and conditions of said contract, and unless plaintiff shall prove, by a fair preponderance of evidence, that it has in all material things kept and performed the terms and conditions of said contract to the same extent that McDonald & Brand were required to keep and perform the same, it cannot recover." If the instruction had omitted the parenthetical modification, we think it would have been proper as a succinct statement of the law; but, by limiting the liability or obligations of Bach, Cory & Co. to the period after they agreed to fulfill the contract of McDonald & Brand, we think the court erroneously construed the legal attitude of plaintiff towards the defendant, it being our opinion that plaintiff's liability related to the date of the instrument, January, 1892. It did not extend further back, but commenced at that time.

The judgment must be reversed and the cause remanded, with instructions to the district court to grant a new trial.

*Reversed.*